UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LYNN ANDERSON,

       Plaintiff,                        Case No. 2:10-cv-508
                                          JUDGE GREGORY L. FROST
      v.                                  Magistrate Judge Terence P. Kemp

WAYNE N. HOLLIDAY, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss. (Doc. # 10.)  For the reasons that follow, the Court finds the motion to dismiss well taken.

### I.  Background

In her Complaint–the factual contentions of which the Court accepts as true for the present inquiry–Plaintiff, Lynn Anderson, asserts that she was an employee for American Society for Nondestructive Testing dba ASNT, Inc.  Plaintiff avers that despite her status as a disabled person, she was denied training and subject to harassment.  She asserts that following her making a request for reasonable accommodation and her filing an internal complaint of discrimination, she was discharged from employment on December 19, 2008.  Plaintiff subsequently filed a complaint with the Ohio Civil Rights Commission ("OCRC"), which issued a no probable cause determination that the Equal Employment Opportunity Commission ("EEOC") adopted in a February 24, 2010 right to sue letter.

Plaintiff filed her *pro se* Complaint with this Court on June 4, 2010, asserting discrimination claims under Title VII against Defendants Wayne N. Holliday, Jocelyn A.

Langlois, Joel W. Whitaker, Ricky L. Morgan, and Robert J. Potter. (Doc. # 6.) Defendants responded by filing a motion to dismiss. (Doc. # 10.) Plaintiff failed to file a memorandum in opposition or other response to the motion within the time limit set forth in S. D. Ohio Civ. R. 7.2(a)(2). Because the briefing has therefore closed, this Court shall proceed to address the motion in advance of the scheduled September 29, 2010 non-oral hearing.

## II. Analysis

### A. Standard Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether the party asserting a claim has set forth a claim upon which the Court may grant relief. This Court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Discussion

Defendant moves to dismiss the complaint on the grounds that Plaintiff failed to timely file this action, that she failed to exhaust administrative remedies, and that individual liability is not available under Title VII. The Sixth Circuit has explained that "[p]rior to . . . bringing suit under Title VII in federal court, a plaintiff alleging discrimination must perform two administrative prerequisites: (1) file timely charges of employment discrimination with the EEOC, and (2) receive and act upon the EEOC's statutory notice of the right to sue." *Brown v. City of Cleveland*, 294 F. App'x 226, 233 (6th Cir. 2008). *See also Hollimon v. Shebly County Gov't*, 325 F. App'x 406, 410 (6th Cir. 2009) ("Before bringing a Title VII claim in federal court, a litigant must raise the claim in a discrimination charge filed with the EEOC."). The court of appeals has specifically explained:

> To exhaust administrative remedies, a plaintiff must file an EEOC charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days. *See* 42 U.S.C. § 2000e-5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1).

*Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 352 (6th Cir. 2002) (citing *Zipes v. TWA*, 455 U.S. 385, 392-98 (1982)). *See also Marcum v. Oscar Mayer Foods Corp.*, 46 F. App'x 331,

333 (6th Cir. 2002).

Review of the docket reveals that Plaintiff did not file the instant lawsuit until June 4, 2010, despite the fact that Plaintiff apparently signed the pleading on May 24, 2010. (Doc. # 6, at 4.) Plaintiff signed the civil cover sheet on June 4, 2010 (Doc. # 1-1, at 1), and the Clerk stamped the complaint as received on that date (Doc. # 1-2, at 1; Doc. # 6, at 1). Previously, the EEOC sent Plaintiff's right to sue letter on February 24, 2010 in connection with her charge of discrimination. (Doc. # 6-1.) Plaintiff therefore failed to file suit within the 90-day period required by § 2000e-5(f)(1), even giving her the benefit of the presumptive extended date of receipt of the mailing, which precludes her from suing under Title VII over the alleged mistreatment culminating in her December 19, 2008 discharge. *See Austion v. City of Clarksville*, F. App'x 639, 648-49 (6th Cir. 2007) (holding that Title VII claims asserted in a complaint filed beyond the 90-day filing period are time-barred); *A've v. Serv. Employees Int'l Union*, 24 F. App'x 326, 330 (6th Cir. 2001) (holding that Title VII complaint filed more than 90 days after issuance of right to sue letter was untimely).

There is also no indication in any of the filings of grounds for excusing, or tolling, application of the requirements set forth above. The duty to demonstrate facts supporting tolling falls upon Plaintiff, who has failed to oppose the motion to dismiss. *Williams*, 53 F. App'x at 352 (citing *Morgan v. Washington Mfg. Co.*, 660 F.2d 710, 712 (6th Cir. 1981)). There is no indication that Plaintiff's failure to follow the statutory mandates is the result of circumstances beyond her control or requirements that are not readily apparent. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (setting forth factors to consider in making tolling decision).

Moreover, even if the Court were able to consider the merits of Plaintiff's claims,

Plaintiff did not name Defendants in her administrative grievance, which means she fails to satisfy the requisite exhaustion. Defendants are also correct that they are entitled to dismissal of the Title VII claims asserted against them in their individual capacities. The Sixth Circuit has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). *See also Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 788 n.1 (6th Cir. 2000). There is no apparent basis supporting a conclusion that Defendants somehow qualify as employers under Title VII.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. (Doc. # 10.) The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE